# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **TONI L. CORKER,** | : | **PRISONER CIVIL RIGHTS** |
| **BOP Reg. # 53163-019,** | : | **28 U.S.C. § 1331** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **DEPARTMENT OF JUSTICE** | : | |
| **et al.,** | : | **CIVIL ACTION NO.** |
| Defendants. | : | **1:20-CV-943-TCB-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Toni L. Corker, confined in the Federal Correctional Institution in Coleman, Florida, submitted a letter that the Clerk docketed as a civil rights complaint. [Doc. 1.][1] Plaintiff neither (1) paid the $350.00 filing fee and $50.00 administrative fee, nor (2) sought leave to proceed *in forma pauperis*. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to proceed *in forma pauperis*. For the reasons discussed below, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Because Plaintiff's letter concerns federal parties, the Clerk is **DIRECTED** to change the cause of action on the docket sheet to prisoner civil rights under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

I.     **Discussion**

Plaintiff addresses her letter to the Office of Inspector General at the Department of Justice. [Doc. 1 at 1.] Plaintiff alleges that unspecified employees of the Department of Justice and Federal Bureau of Prisons improperly shared discovery from her criminal case and her presentence investigation report with unspecified inmates who "exploited this information on social media." [*Id.*] Plaintiff asks the Office of Inspector General to investigate the employees' conduct. [*Id.* at 2.]

"Article III of the Constitution limits the jurisdiction of the federal courts to actual 'cases' or 'controversies.' . . . The purpose of the requirement is readily apparent — to limit the federal courts to deciding issues presented in an adversary framework amenable to judicial resolution and to maintain separation of powers among the three branches of government." *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995) (citing *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968)). As a result of Article III's cases-or-controversies limitation, federal courts do not issue advisory opinions. "The prohibition on advisory opinions is a logical corollary of the case or controversy requirement. 'Thus, no justiciable controversy is presented . . . when the parties are asking for an advisory opinion . . . .' " *Id.* at 1146 (quoting *Flast*, 392 U.S. at 95).

2

In the present action, Plaintiff fails to present a "case" or "controversy" under Article III of the Constitution because she asks the Office of Inspector General to investigate the conduct of unspecified employees of the Department of Justice and Federal Bureau of Prisons. This Court does not perform investigations. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty . . . to perform any legal 'chores' for the defendant that counsel would normally carry out."); *see also* Glaser v. City & Cty. of Denver, No. 12-CV-00828-RBJ-KLM, 2013 WL 1397285, at *12 (D. Colo. Apr. 5, 2013) ("Courts do not conduct formal investigations."), *aff'd in part and remanded sub nom. Glaser v. City & Cty. of Denver, Colo.*, 557 Fed. Appx. 689 (10th Cir. Jan. 29, 2014); *Morgan v. Lantz*, No. 3:05CV1659(MRK)(WIG), 2006 WL 1455617, at *1 (D. Conn. May 24, 2006) ("courts do not conduct investigations at either party's request"); *Collins v. Experian Credit Reporting Service*, No. 3:04cv1905(MRK), 2004 WL 3078825, at *2 (D. Conn. Dec. 22, 2004) ("If the Court were to conduct the requested investigation to find information to support possible claims that Plaintiffs could assert, the Court would be acting as Plaintiffs' advocate and not as an impartial adjudicator.").

Accordingly, the present action should be dismissed without prejudice for lack of subject matter jurisdiction. *Bowen v. First Family Fin. Svcs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000).

If Plaintiff wishes to file a proper civil rights action against any parties, she must (1) submit a proper civil rights complaint as a new case under a new docket number, and (2) either (a) pay the $350.00 filing fee and $50.00 administrative fee, or (b) submit an application for leave to proceed *in forma pauperis* in that new case.

## II.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to proceed *in forma pauperis* for the purpose of dismissal only.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, AND DIRECTED**, this 5th day of March, 2020.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE